

FILED

AUG 2 9 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANNY LEE WARNER,<br><br>Plaintiff,<br><br>vs.<br><br>CHUCK CURRY, JENNIFER ROOT, JAMES DUSING, TAMMY BOWEN, SGT. SCHUELEN, and CBM MANAGED SERVICES,<br><br>Defendants. | CV 17-00104-M-DLC-JCL<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Plaintiff Danny Warner's Motion to Proceed in Forma Pauperis (Doc. 1), proposed Complaint (Doc. 2), and documents which have been construed as a motion for temporary restraining order and preliminary injunction. (Doc. 6).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Warner submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Warner is required to pay the statutory filing fee of $350.00. The account statement indicates that Warner does not have sufficient funds to pay an initial partial filing fee, therefore that fee will be waived

and Warner may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Warner will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Warner must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Warner is held to forward payments from Warner's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. ALLEGATIONS

Warner alleges he has been incarcerated at the Flathead County Detention Center (FCDC) since November 23, 2016. Upon intake into the jail, Warner states he informed officers of injuries to his neck, back, and hip, and of the prescribed medications he was taking, namely Gabapentin and Tramadol. Defendants allegedly refused to provide the same medications. He also asserts the Defendants have not obtained his medical records nor ordered the tests necessary to determine the extent of his injuries. He explains that Defendant Dusing, a doctor on contract

2

at FCDC, prescribed only a muscle relaxer for his injuries that exacerbated his injuries. He also contends he was assaulted by seven officers on March 14, 2017 and his hip was reinjured.

Warner then lists a litany of grievances. First, he states he is legally blind, has requested an eye exam and glasses but his request has been refused. Second, he contends the Defendants have retaliated against him for his grievances by denying him emergency medical services on two occasions. Third, he alleges that after filing an ex parte petition for an emergency injunction presumably in state court Dr. Dusing ordered Tramadol for Warner without conducting any tests or reviewing his medical records and that the prescription has subsequently been altered resulting in additional pain. Fourth, he complains that he advised the Defendants he suffered from celiac disease, that he has been given gluten free meals but the meals are nutritionally inadequate and cause him constipation and other gastrointestinal problems.

Fifth, he alleges that he has been denied his right of access to the court because there is not an adequate law library, writing materials, telephone access, a notary, or access to his medical records all of which have hampered his ability to prepare a defense.

Finally, he contends he has been placed on punitive isolation on several

occasions, denied mail, denied access to any publications, and subjected to daily searches, all in violation of his constitutional rights.

Based on these facts, Warner raises claims of denial of medical care, retaliation, deliberate indifference to nutrition, denial of access to the courts, denial of medical records, arbitrary lockdowns and lack of proper disciplinary procedures, denial of mail and publications, unreasonable searches, and a breach of contract by CBM managed services regarding food services at FCDC.

## III. MOTION FOR INJUNCTIVE RELIEF

Warner did not actually file a motion for injunctive relief, instead he filed a proposed "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order" (Doc. 6-3), a Declaration (Doc. 6-1) and a Memorandum of Law (Doc. 6). These filings have been construed as a motion for injunctive relief.

Warner seeks a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining Defendants from denying Warner medical care, retaliating against him, tampering with his food, and creating oppressive conditions of confinement. Specifically he seeks an order requiring Defendants to provide him with Tramadol to properly treat his pain until they schedule surgery to correct his injury, get him an eye exam and prescription eyeglasses, provide him adequate nutrition according to an approved menu that is not tampered with or

poisoned, and to test him to determine if he has been poisoned.  (Doc. 6-3.)

As a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, Defendants have not been served, they have not yet entered an appearance, and have not yet responded to the Complaint.

More important, Warner does not meet the standard for preliminary injunctive relief.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted).  It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment.  *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted).  "A plaintiff seeking a

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations, internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Warner has not provided sufficient evidence to demonstrate that he is likely

6

to succeed on the merits of his claims or that he is likely to suffer irreparable harm. In the past, it was assumed that the standard applicable to a pretrial detainee's conditions of confinement claims brought under the Fourteenth Amendment was the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). However, that holding was first called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). More recently, the Ninth Circuit extended the *Kingsley* rationale to a Fourteenth Amendment failure-to-protect claim. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Although *Castro* did not expressly extend its holding to other Fourteenth Amendment violations, other district courts in the Ninth Circuit have done so and this Court sees no reason why the same rationale should not apply to other Fourteenth Amendment conditions of confinement claims.

In accordance with *Kingsley*, 135 S.Ct. 2466 and *Castro*, 833 F.3d 1060, a pretrial detainee's Fourteenth Amendment claim for the denial of medical treatment must be supported by factual allegations which plausibly demonstrate that:

7

(1) The plaintiff made a request for medical care; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Guerra v. Sweeny*, 2016 WL 5404407, *3 (E.D. Cal. 2016).

The documents attached to Complaint  including almost 200 pages of grievances and other evidence seem to indicate that Defendants have been responsive to Warner's medical needs, nutritional needs, and access to legal materials.  Aside from his own speculation, there is no evidence of poisoning and nothing to suggest that he is likely to succeed on the merits of his claims.  His medical care claims suggest nothing more than a difference of opinion with the jail's medical staff.

On this record, the Court should not interfere with the day-to day operations of the prison.  *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981)(courts should "avoid enmeshing themselves in the minutiae of prison operations").

The motion for injunctive relief should be denied.

## IV.  SCREENING OF COMPLAINT

Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening

8

of a case to assess the merits of the claims.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a).  Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  Warner must await the Court's preliminary screening Order prior to taking further action in this matter.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Warner's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED. The Clerk shall file the Complaint without prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is DEEMED FILED on July 25, 2017.

3.  At all times during the pendency of this action, Warner SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

9

Further, the Court issues the following:

## RECOMMENDATIONS

Warner's motion for injunctive relief as contained in his Complaint (Doc. 2 at 7-8) and his Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Warner may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of August, 2017.

Jeremiah C. Lynch
United States Magistrate

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Warner is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.