

FILED

MAR 23 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| DANNY LEE WARNER,<br><br>Plaintiff,<br><br>vs.<br><br>CHUCK CURRY, JENNIFER ROOT, JAMES DUSING, TAMMY BOWEN, SGT. SCHUELEN, and CBM MANAGED SERVICES,<br><br>Defendants. | CV 17-00104-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On February 7, 2018, this Court issued an Order finding that a number of claims alleged in Plaintiff Danny Warner's Complaint were deficient as pled and failed to state claims for relief under section 1983 because Warner either did not set forth sufficient facts (1) to establish liability under the elements of the various claims or (2) to identify specific personal and direct acts or omissions of specific individuals who caused a particular violation of Warner's rights. Warner was given until March 7, 2018 to amend the following claims:

1. Warner's medical care claims regarding his eye treatment to the extent

1

those claims are pied against Dusing, Bowen, Root, and Curry;

2. Warner's claims alleging his right of access to the courts was violated by unspecified acts or omissions of unspecified Defendants;

3. Warner's claims alleging he was deprived of his mail and publications by unspecified acts or omissions of unspecified Defendants.

He failed to do so. Accordingly, for the reasons set forth in the Court's February 7, 2018 Order (Doc. 12), the Court finds that the above listed allegations fail to state a federal claim upon which relief may be granted and should be dismissed.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

The following claims should be DISMISSED for failure to state a federal claim:

a. Warner's medical care claims regarding his eye treatment to the extent those claims are pied against Dusing, Bowen, Root, and Curry;

b. Warner's claims alleging his right of access to the courts was violated by unspecified acts or omissions of unspecified Defendants;

c. Warner's claims alleging he was deprived of his mail and publications by unspecified acts or omissions of unspecified Defendants.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Warner may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of March, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Warner is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.