IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANNY LEE WARNER,<br><br>  Plaintiff,<br><br>  vs.<br><br>CHUCK CURRY, JENNIFER ROOT, JAMES DUSING, TAMMY BOWEN, SGT. SCHUELEN, and CBM MANAGED SERVICES,<br><br>  Defendants. | CV 17-00104-M-DLC-JCL<br><br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Defendant CBM Managed Services has file a Rule 12(b)(6) Motion to Dismiss all claims against it. (Doc. 40.) The motion should be denied.

On February 7, 2018, this Court issued an Order and Findings and Recommendation in which it conducted a screening of Plaintiff Danny Warner's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

1

.

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Defendant CBM argues in its Motion to Dismiss that Warner's allegations against CBM fail to state a claim upon which relief can be granted and therefore should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has already determined that Warner stated a claim against Defendant CBM for allegedly violating his right to adequate nutrition to maintain health. (Doc. 12.)  This is the only claim served upon CBM and it is the only claim to which CBM must respond.  The Court need not revisit its ruling that Warner stated a claim against CBM for allegedly violating his right to adequate nutrition to maintain health.  It was presumed in the Court's prior Order that Warner was a pretrial detainee at all times relevant to his Complaint.  (Doc. 12 at 2.) Accordingly, his claims arise under the Fourteenth Amendment as opposed to the Eighth Amendment which was cited by CBM as the governing standard in their motion.

The motion to dismiss Warner's claim that CBM allegedly denied him

2

adequate nutrition to maintain health in violation of his Fourteenth Amendment rights under the United States Constitution should be denied.

The Court does however, agree that Warner has not adequately alleged an equal protection claim against CBM. That claim was not served upon CBM. To the extent Warner raised an equal protection claim, he only did so in conclusory manner and did not provide sufficient facts to support such a claim. Accordingly, the motion to dismiss as to the equal protection claim alleged in paragraphs 45 and 51 of Warner's Complaint (Doc. 2) should be granted.

CBM shall file an Answer to Warner's Fourteenth Amendment claim that CBM violated his right to adequate nutrition to maintain health.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

Defendant CBM's Motion to Dismiss (Doc. 40) as to Warner's claim that CBM denied him adequate nutrition to maintain health in violation of his Fourteenth Amendment rights under the United States Constitution should be DENIED.

Defendant CBM's Motion to Dismiss (Doc. 40) should be GRANTED as to any alleged equal protection claim raised against Defendant CBM.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within 14 days after service hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of May, 2018.

                                         */s/ Jeremiah C. Lynch*
                                         Jeremiah C. Lynch
                                         United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Warner is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.