IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANNY LEE WARNER, <br><br> Plaintiff, <br><br> vs. <br><br> CHUCK CURRY, JENNIFER ROOT, JAMES DUSING, TAMMY BOWEN, SGT. SCHUELEN, and CBM MANAGED SERVICES, <br><br> Defendants. | CV 17–104–M–DLC–JCL <br><br> ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered four Findings and Recommendations in this case on February 7, 2018 (Doc. 12), March 23, 2018 (Doc. 19), April 17, 2018 (Doc. 28), and May 1, 2018 (Doc. 36) recommending that certain claims be dismissed for failure to state a claim, that Warner's Request for Entry of Judgment (Doc. 27) and Motion for Default Judgment (Doc. 26) be denied, and that Warner's Emergency Motion for TRO, Injunction and Order to Show Cause (Doc. 31) be denied. Plaintiff Danny Lee Warner ("Warner") failed to timely object to all four of Judge Lynch's findings and recommendations, and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp.*

-1-

*v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court has reviewed the record in this case and has identified the following sequence of events related to Judge Lynch's Findings and Recommendations. Judge Lynch first recommended on February 7, 2018, that the following claims pled by Warner should be dismissed:

> 1. Warner's medical care claims regarding his hip, neck, and back injuries and associated pain to the extent those claims are pled against Bowen, Root, and Curry;
>
> 2. Warner's claims regarding his "punitive isolation" to the extent the claims are pled against Curry; and
>
> 3. Warner's claims regarding searches, shakedowns, seizures, and confiscation of his "legal materials."

(Doc. 12 at 25.) Judge Lynch afforded Warner the opportunity to amend his complaint and cure the deficiencies related to the following claims:

> 1. Warner's medical care claims regarding his eye treatment to the extent those claims are pied against Dusing, Bowen, Root, and Curry;
>
> 2. Warner's claims alleging his right of access to the courts was violated by unspecified acts or omissions of unspecified Defendants;
>
> 3. Warner's claims alleging he was deprived of his mail and publications by unspecified acts or omissions of unspecified Defendants.

(Doc. 12 at 26-27.) Judge Lynch further explained that in the event Warner did not file amended complaint by March 7, 2018, that the claims would be dismissed.

Judge Lynch also identified the following viable claims and ordered certain Defendants to file a response:

> 1. Defendant Dusing shall respond to Warner's medical care claims regarding his hip, neck, and back injuries and associated pain;
>
> 2. Defendants CBM Managed Services, Root and Curry shall respond to Warner's claims alleging they violated his right to adequate nutrition to maintain health; and
>
> 3. Defendants Schuelen and Root shall respond to Warner's claims alleging they imposed "punitive isolation" against him as punishment.

(Doc. 12 at 29.)

Subsequently, Warner did not file an amended complaint by March 7, 2018, and Judge Lynch further recommended that the following claims be dismissed:

> 1. Warner's medical care claims regarding his eye treatment to the extent those claims are pied against Dusing, Bowen, Root, and Curry;
>
> 2. Warner's claims alleging his right of access to the courts was violated by unspecified acts or omissions of unspecified Defendants;
>
> 3. Warner's claims alleging he was deprived of his mail and publications by unspecified acts or omissions of unspecified Defendants.

(Doc. 19 at 2).

Defendants Sheriff Chuck Curry, Detention Commander Jennifer Root and Detention Officer Sergeant Michael Scheulen (County Defendants), filed their

answer to Plaintiff's Complaint on April 6, 2018. (Doc. 24.) On April 16, 2018, Warner filed a Motion for Judgment as a Matter of Default against Defendants James Dusing, Tammy Bowen, and CBM Managed Services for failure to answer within the time described by the Court. (Doc. 26.) Judge Lynch recommended that this Motion be denied because: (1) Defendant Dusing was allowed an extension of time to file his answer, and (2) Defendants Bowen and CBM Managed Services were never served and the claims against them were previously recommended for dismissal. (See Doc. 28.)

Next, on April 26, 2018, Warner filed an Emergency Motion for TRO, Injunction and Order to Show Cause (Doc. 31) seeking an order directing Warden Salmonson to stop Montana State Prison employees from retaliating and harassing Warner and to require Warden Salmonson to give Warner legal materials. Judge Lynch recommended that this Motion be denied because the Court cannot offer injunctive relief against individuals who are not parties to this case. (Doc. 36.)

After reviewing the record and finding no clear error, this Court agrees with Judge Lynch in all respects. Notably, Warner has not filed a proper objection to any of the Findings and Recommendations issued by Judge Lynch.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 12, 19, 28, and 36) are ADOPTED IN FULL.

The following claims pled by Warner are DISMISSED:

1.      Warner's medical care claims regarding his hip, neck, and back injuries and associated pain to the extent those claims are pled against Bowen, Root, and Curry;

2.      Warner's claims regarding his "punitive isolation" to the extent the claims are pled against Curry; and

3.      Warner's claims regarding searches, shakedowns, seizures, and confiscation of his "legal materials."

4.      Warner's medical care claims regarding his eye treatment to the extent those claims are pied against Dusing, Bowen, Root, and Curry;

5.      Warner's claims alleging his right of access to the courts was violated by unspecified acts or omissions of unspecified Defendants;

6.      Warner's claims alleging he was deprived of his mail and publications by unspecified acts or omissions of unspecified Defendants.

IT IS FURTHER ORDERED that:

(1)     Warner's Request for Entry of Judgment (Doc. 27) and Motion for Default Judgment (Doc. 26) are DENIED.

(2)     Warner's Emergency Motion for TRO, Injunction and Order to Show Cause (Doc. 31) is DENIED.

DATED this 1st day of June, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court