IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANNY LEE WARNER, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CHUCK CURRY, JENNIFER ROOT, JAMES DUSING, TAMMY BOWEN, SGT. SCHUELEN, and CBM MANAGED SERVICES, <br><br> Defendants. | CV 17-104-M-DLC-JCL <br><br> ORDER |

Plaintiff Danny Warner, appearing pro se, moves for an order compelling all Defendants to fully and properly respond to discovery requests he submitted to each of them. After he filed his motion, Warner and Defendant James Dusing resolved the discovery dispute between the two of them, and by Order entered January 2, 2019, the Court recognized Warner's withdrawal of his motion to compel as it pertains to Dusing. (Doc. 82.)

With respect to Defendants Chuck Curry, Jennifer Root, and Sgt. Schuelen, Warner's motion to compel asserts they entirely failed to provide any discovery responses to him at all. On December 24, 2018, Curry, Root and Schuelen filed their brief in opposition to Warner's motion to compel explaining that they did, in

1

fact, serve their discovery responses upon Warner on October 24, 2018, and they provided the Court with a copy of their responses which includes a certificate of service dated October 24, 2018. (Doc. 76-1 at 18 of 179.)

In his reply brief, Warner advises he has now, for the first time, received Curry, Root and Schuelen's discovery responses which were attached to his copy of their brief in opposition to his motion to compel. Thus, because Warner is now in possession of these Defendants' discovery responses, his motion to compel production of those responses is moot.

In his reply brief Warner proceeds to asserts various challenges to the sufficiency or adequacy of the discovery responses he has now received from Curry, Root and Schuelen. And he purports to "renew" his motion to compel based on the challenges he now identifies in his reply brief. But as Warner knows, before he can seek a motion to compel production of more complete discovery responses, he must first attempt to confer with those Defendants in an effort to resolve his challenges as required by Fed. R. Civ. P. 37(a)(1) and L.R. 26.3(c)(1). Therefore, the Court cannot address Warner's challenges raised in his reply brief.

With regard to discovery responses he received from CBM Managed Services, Warner's motion to compel asserts only that CBM Managed Services "completely avoided all interrogatories and did not produce a single document in

response to Plaintiff's request." (Doc. 73 at 1.) But Warner does not present an itemized discussion of specific discovery requests he contends CBM Managed Services failed to properly answer.

Additionally, Warner's motion complains CBM Managed Services did not sign its answers to interrogatories as required by Fed. R. Civ. P. 33(a)(5). With regard to the signature, CBM Managed Services responds by representing it will supplement its interrogatory answers with a notarized signature from its authorized representative, and will provide it to Warner.

With regard to the substance of Warner's motion to compel, CBM Managed Services complains, through its counsel's representations in its brief, that Warner did not confer with its counsel in an attempt to resolve the discovery disputes raised in Warner's motion to compel as required by L.R. 26.3(c)(1). Specifically, it states its "counsel did not receive a telephone call, facsimile, letter, email, nor any other written or electronic communication from Plaintiff regarding the motion [to compel].] (Doc. 78 at 2.) Therefore, it requests the Court deny Warner's motion to compel.

A motion to compel discovery must contain a certification stating "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

action." Fed. R. Civ. P. 37(a)(1). Similarly, the Local Rules of this Court require that the parties must confer "concerning all disputed issues before the motion is filed." L.R. 26.3(c)(1). The Rule requires an actual discussion between parties as "[t]he mere sending of a written, electronic, or voicemail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face to face meeting (whether in person or by electronic means), in a telephone conversation, or in detailed, comprehensive correspondence." L.R. 26.3(c)(1).

In his motion Warner certifies that he attempted to confer with CBM Managed Services through collect calls, but his calls were not accepted. He also states he sent a letter to CBM Managed Services on October 24, 2018, but that he did not receive a response to the letter. (Doc. 73-1 at 37 of 38.) For unexplained reasons, however, CBM Managed Services did not receive Warner's letter.

Under the circumstances, in the interest of judicial economy and the spirit of the "meet and confer" requirements, the Court will require Warner and CBM Managed Services to engage in actual discussions in a good faith attempt to resolve Warner's complaints as to the alleged inadequacies of CBM Managed Services' discovery responses as required by L.R. 26.3(c)(1). In view of Warner's incarceration, CBM Managed Services shall actively assist in arranging this "meet

and confer" discussion with Warner.

The Local Rules provide that "[t]he court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed." L.R. 26.3(c)(1). Therefore, the Court will deny Warner's motion as to CBM Managed Services.

Based on the foregoing, IT IS HEREBY ORDERED that Warner's motion to compel is DENIED subject to his right to renew the motion following compliance with his obligation to confer with any party who he believes has failed to provide full, complete, and proper discovery responses.

DATED this 16th day of January, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge